IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Estate of KIM W. O'LOUGHLIN, decedent by GREG V. O'LOUGHLIN, administrator, and GREG v. O'LOUGHLIN, individually, | : : : :  CIVIL ACTION |
| Plaintiffs, | : : |
| v. | : : NO. 07-1860 |
| CHRISTOPHER J. HUNGER and DEBRA A. HUNGER, | : : **FILED** |
| Defendants. | : : APR 2 2 2009 |

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**MEMORANDUM**

RONALD L. BUCKWALTER                                              April 21, 2009

Currently before the Court is the Motion of Defendant Debra A. Hunger for Summary Judgment on the entirety of the Complaint against her. For the following reasons, the Motion is granted.

I.  **FACTUAL AND PROCEDURAL HISTORY**

On April 30, 2006, Plaintiff Gregory O'Loughlin was driving a car carrying his wife, the late Kim O'Loughlin, as a passenger. (Compl. ¶ 11.) At the same time and place, twenty-five-year-old Christopher Hunger was operating an automobile owned by his mother, Moving Defendant Debra Hunger ("Moving Defendant"). (Compl. ¶ 12; Def.'s Mem. Supp. Mot. Summ. J., Ex. C, Debra Hunger Dep. ("D. Hunger Dep."), 19:18-20:1, Jan. 20, 2009.) Christopher Hunger crashed the car he was driving into Plaintiff's vehicle, causing Mrs. O'Loughlin to suffer various injuries, including a large hematoma on her forehead; headaches and confusion; strain and sprain of her cervical,

thoracic, lumbar, lumbosacral spine; shock to the nervous system, physical pain; and emotional; distress, depression, and mental anguish. (Compl. ¶¶ 12, 14-15.) In addition, Mr. O'Loughlin suffered injuries including headaches and confusion; strain and sprain of his cervical, thoracic, lumbar, and lumbosacral spine; emotional damages; and loss of consortium due to his wife's injuries. (Compl. ¶¶ 18-20.) On July 6, 2006, Mrs. O'Loughlin passed away. (Def.'s Mem. Supp. Mot. Summ. J., Ex. D, Gregory O'Loughlin Dep., 12:12-17.) Although the cause of death was listed as heart-related, Plaintiff believed that the pain and stress from the accident was the trigger. (Id. at 44:6-17.)

On May 8, 2007, Plaintiff filed a civil action against both Defendant Christopher Hunger and Defendant Debra Hunger, alleging negligence, wrongful death, and a survival action. Due to the Defendants' failure to file a timely answer, Plaintiff sought and was granted a default judgment. Defendant Debra Hunger moved to open the default judgment and, on July 16, 2008, the Court granted her requested relief. The default judgment remained standing against Defendant Christopher Hunger. Moving Defendant filed her Answer on July 30, 2008. By way of Motion filed March 5, 2009, Moving Defendant sought entry of summary judgment in her favor and against Plaintiff.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A factual dispute is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For an issue to be "genuine," a reasonable fact-

finder must be able to return a verdict in favor of the non-moving party. Id.

On summary judgment, it is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. Boyle v. County of Allegheny, Pa, 139 F.3d 386, 393 (3d Cir. 1998) (citing Petruzzi's IGA Supermarkets, Inc. v. Darling-Del. Co. Inc., 998 F.2d 1224, 1230 (3d Cir. 1993)). Rather, the court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962)); Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987). If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party, and "all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

Although the moving party bears the initial burden of showing an absence of a genuine issue of material fact, it need not "support its motion with affidavits or other similar materials negating the opponent's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). It can meet its burden by "pointing out . . . that there is an absence of evidence to support the nonmoving party's claims." Id. at 325. Once the movant has carried its initial burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec., 475 U.S. at 586. "There must . . . be sufficient evidence for a jury to return a verdict in favor of the non-moving party; if the evidence is merely colorable or not significantly probative, summary judgment should be granted." Arbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994), abrogated on other grounds, Showalter v. Univ. of Pittsburgh Med. Ctr., 190 F.3d 231 (3d Cir. 1999).

## III. DISCUSSION

### A. <u>Applicable Law</u>

At the outset of our analysis, this Court must first determine the law applicable to the substantive issues in this case. When sitting in diversity, as here, a federal court must apply the forum's choice of law rules. <u>Chin v. Chrysler, LLC</u>, 538 F.3d 272, 278 (3d Cir. 2008); <u>Shuder v. McDonald's Corp.</u>, 859 F.2d 266, 269 (3d Cir.1988). Pennsylvania adopts a "'flexible rule which permits analysis of the policies and interests underlying the particular issue before the court.'" <u>Coram Healthcare Corp. v. Aetna U.S. Healthcare, Inc.</u>, 94 F. Supp.2d 589, 594 (E.D. Pa. 1999) (quoting <u>Griffith v. United Air Lines, Inc.</u>, 203 A.2d 796, 805 (Pa. 1964)). This analysis entails three steps. First, the court must determine whether a real conflict exists, that is, whether these states would actually treat this issue any differently. <u>Hammersmith v. TIG Ins. Co.</u>, 480 F.3d 220, 229-30 (3d Cir. 2007). If there is no substantive difference between the laws of the competing states, no real conflict exists and a choice of law analysis is unnecessary. <u>Id.</u> at 230; <u>Air Prods. and Chems. v. Eaton Metal Prods. Co.</u>, 272 F. Supp. 2d 482, 490 n.9 (E.D. Pa. 2003). Where a real conflict exists, the court moves to the second step and examines the governmental policies underlying each law in order to classify the conflict as "true," "false," or an "unprovided-for" situation. <u>Hammersmith</u>, 480 F.3d at 230. A false conflict occurs where only one state's interests would be impaired, necessitating the application of the interested state's law. <u>LeJeune v. Bliss-Salem Inc.</u>, 85 F.3d 1069, 1071 (3d Cir. 1996). Where, on the other hand, each jurisdiction has a governmental policy or interest that would be impaired by the application of the other state's law, a true conflict exists. <u>Id.</u> In the case of a true conflict, the court turns to the third step to "determine which state has the 'greater interest in the application of its law.'" <u>Hammersmith</u>, 480 F.3d at 231

4

(quoting Cipolla v. Shaposka, 267 A.2d 854, 856 (Pa. 1970)). This determination demands that a court weigh the contacts each jurisdiction has with the dispute on a qualitative scale according to the extent they implicate the policies and interests underlying the particular dispute before the court. Id.

In the present case, Plaintiff alleges negligence and, impliedly, a case of negligent entrustment against Moving Defendant[1] based on Christopher Hunger's theft and use of Moving Defendant's car. To establish a claim of negligence, Pennsylvania requires proof of four elements: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." Grossman v. Barke, 868 A.2d 561, 566 (Pa. Super. 2005). Similarly, in New Jersey, the requisite elements of a negligence cause of action are: (1) the existence of a duty; (2) the breach of that duty; and (3) proximate causation of damages. LaBracio Family P'Ship v. 1239 Roosevelt Ave., Inc., 773 A.2d 1209 (N.J. Super. App. Div. 2001). Although the states differ in their numbering of the elements, the law of both states is substantively identical.

Likewise, New Jersey and Pennsylvania recognize and follow the same law with respect to a claim of negligent entrustment. Both states have adopted the Restatement (Second) of Torts section 308, which provides that, "[i]t is negligence to permit a third person to use a thing or engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others." RESTATEMENT (SECOND) OF TORTS § 308; see Anagnostakis

---

[1] Notably, Plaintiff does not explicitly assert a theory of negligent entrustment. Rather, in a one paragraph argument, Plaintiff contends only that Moving Defendant's deposition testimony showed "negligent care of motor vehicle." (Pl.'s Opp. Mot. Summ. J. 5.) Based on this scant and legally unsupported argument, the Court cannot discern any other basis for Plaintiff's claim other than negligent entrustment.

v. Lawn Equip. Parts Co., Civ. A. No. 91-5576, 1991 WL 249979, at *2 (E.D. Pa. Nov. 25, 1991); Ferry v. Fisher, 709 A.2d 399, 403 (Pa. Super. 1998); NJ Citizens United v. Hernandez, Civ. A. No. 3096-02, 2006 WL 686571, at *3-4 (N.J. Super. App. Div. 2006).

Given the fact that no real conflict exists between the laws of Pennsylvania and New Jersey, a choice of law analysis is unnecessary. Hammersmith, 480 F.3d at 230. In turn, as a district court sitting in diversity, we may "refer interchangeably to the laws of the states whose laws potentially apply," or rely solely on forum law. Huber v. Taylor, 469 F.3d 67, 74 (3d Cir. 2006); ClubCom, Inc. v. Captive Media, Civ. A. No. 07-1462, 2009 WL 249446, at *5 (W.D. Pa. Jan. 31, 2009).[2]

### B. Whether Defendant Debra Hunger is Entitled to Summary Judgment

In her present motion, Moving Defendant seeks summary judgment based on the alleged absence of evidence establishing any negligence on her part. Plaintiff responds that Defendant Hunger's deposition testimony shows negligent care of her motor vehicle, sufficient to create a genuine issue of material fact and preclude a summary judgment ruling. Upon review of the parties' scant legal briefing, the Court agrees with Moving Defendant and grants judgment in her favor.

---

[2] If a real and true conflict existed between the laws of Pennsylvania and New Jersey, the Court would likely find that New Jersey had a greater interest in the application of its law. "In making this determination, this Court must look to an array of factors: (i) the place where the injury occurred; (ii) the place where the conduct causing the injury occurred; (iii) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and (iv) the place where the relationship, if any, between the parties is centered." Henderson v. Merck & Co., Inc., Civ. A. No. 04-5987, 2005 WL 2600220, at *7 (E.D. Pa. Oct. 11, 2005) (citing RESTATEMENT (SECOND) OF CONFLICTS § 145).
  Although Plaintiff, in this case, is a Pennsylvania resident, the accident happened in New Jersey, the harm was suffered in New Jersey, and the crash was caused by a New Jersey resident. Moreover, any tortious action of negligent entrustment by Moving Defendant occurred solely in New Jersey. Given the extent of its contacts, this Court would find that New Jersey unequivocally maintains substantively greater contacts with the dispute and, thus, should control disposition of the action. As noted above, however, this determination is unnecessary.

As noted above, a claim of negligence involves: (1) a legal duty; (2) a breach of that duty; (3) causation between the conduct and injury; and (4) actual damages. Grossman, 868 A.2d at 566. Although not specifically cited in Plaintiff's Complaint or brief, Plaintiff effectively rests his negligence claim against Moving Defendant on a theory of negligent entrustment. Negligent entrustment is defined in the Restatement (Second) of Torts, as follows:

> It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

RESTATEMENT (SECOND) OF TORTS § 308. Under a negligent entrustment theory, "liability is imposed upon a defendant because of his or her own actions in relation to the instrumentality or activity under his or her control. . . . The entrustor's liability is not dependent on, derivative of, or imputed from the entrustee's actual liability for damages." Ferry, 709 A.2d at 403 (internal citations omitted). Pennsylvania courts, like New Jersey courts, have confined negligent entrustment suits involving automobiles to a narrow set of fact situations:

> Usually liability is established only where an owner entrusts his vehicle to one whose immediate appearance or conduct (usually drinking) is such that the owner would or should know that person is incompetent to drive or use an automobile. In instances where the incompetency or deficiency is not immediately apparent, one . . . must show that the owner knew or should have known of facts which would have made the incompetency and negligent conduct foreseeable.

Gade v. Csomos, Civ. A. No. 91-403, 1993 WL 434095, at *4 (M.D. Jan. 15, 1993) (quoting Kilmer v. Wilkinson, 742 F. Supp. 192, 195 (M.D. Pa. 1990), vacated on other grounds, 968 F.2d 12 (3d Cir. 1992)).

In the case at bar, the salient facts are undisputed by the parties. Moving Defendant testified, at her deposition, that her then twenty-five year old son, Christopher Hunger, lived with her in April

2006. (D. Hunger Dep. 7:2-8:7.) At that time, she owned a 2004 Dodge Neon insured by Encompass Insurance. (Id. at 12:2-13:9.) She maintained the keys for that car and generally kept them just lying around her house, sometimes on a table or dresser. (Id. at 13:14-14:4.) No one else drove the car and no one else was on the policy besides herself. (Id. at 14:5-18.) Her son Christopher did not have a driver's license at the time, had never tried to get a license, and never had a permit. (Id. at 14:22-24, 18:7-11.) Moving Defendant was aware that Christopher had had a drinking problem since he was sixteen years old and had been in and out of rehab for drinking. (Id. at 14:25-15:17.) She also recalled an incident in Minnesota sometime in 2005, where he had stolen a vehicle from a friend while the friend was sleeping. (Id. at 15:18-16:5, 22:25-23:9.) He went to jail for approximately one year on both car theft and drug charges. (Id. 24:2-11.) Other than hearing about that incident, however, Moving Defendant had never seen Christopher drive any vehicle, including hers, prior to the date of the accident. (Id. at 15:15-18, 16:5-13, 17:10-22.) She never gave him any specific instructions to not use her car since, according her testimony, "[h]e didn't have a license. He knew he wasn't allowed to drive my car." (Id. at 17:23-18:4.) On the date of the accident, she had placed her keys on the kitchen table and went to lie down, at which time Christopher took them without permission. (Id. at 16:22-17:9.)

Without citing to any substantive law regarding the issues in this case and without attempting to discredit any of Mrs. Hunger's testimony, Plaintiff baldly argues that a reasonable factfinder could conclude, from that testimony, "that the moving defendant exercised negligent care and control over her car." (Pl.'s Opp. Mot. Summ. J. 7.) Plaintiff goes on to assert that,

> As aforesaid, Ms. Hunger testified that she would routinely leave her keys "just laying around." Importantly, she also testified that, on the date of the accident, she left the keys on the kitchen table, where her son Christopher had free access to them. She also testified that she knew that her son had long standing legal problems

8

involving abuse of alcohol and drugs and car theft.

(Id.) Accordingly, Plaintiff concludes that the summary judgment standard requires that all reasonable inferences be drawn in his favor and that summary judgment, in turn, be denied. (Id.)

Plaintiff's argument, however, fails to recognize that even under the deferential summary judgment standard, the facts do not, as a matter of law, allow for an imposition of liability on Moving Defendant. The Court finds three distinct flaws in Plaintiff's theory.

First, in order to establish negligent entrustment, a plaintiff must show either express or implied entrustment. In the analogous and instructive case of <u>Stiver v. LeFevre</u>, 7 Pa. D. & C.4th 17 (1989), the defendant was driving with two friends in her car, one of whom she knew had been drinking that evening. Id. at 19. She parked her car to cross the street and talk with some other friends, but left her purse in the car and car keys in the ignition. Id. She did not give permission for either of her passengers to drive her car. Id. at 23. While defendant was across the street, the passenger who had been drinking, Mr. LeFevre, drove the car to a restaurant to drop off the other passenger. Id. at 19. He then left with the car and, nearly twenty-four hours later, got into an accident with bicyclists. Id. The court found that even if it was assumed that defendant knew that Mr. LeFevre was incompetent to drive because he was intoxicated, it was not foreseeable that he would take her car. Id. at 23. In support of this finding, the court noted evidence that Mr. LeFevre had never driven her car before and that defendant allowed no one to drive her car. Id. at 22. Ultimately, the court concluded that "there was no 'entrustment' because [defendant] never gave permission for her car to be driven, and that it was not foreseeable that Mr. LeFevre would steal her car merely because she left the keys in the car in her absence." Id. at 24.

Likewise, in this case, Plaintiff has failed to prove Defendant Hunger actually or negligently

9

entrusted her vehicle to her son. The facts are undisputed that Christopher Hunger stole the vehicle from his mother. Moving Defendant clearly indicated that she had never previously seen her son drive any car, let alone her car. Moreover, she knew that he did not have either a license or permit and she believed that he understood that he was not allowed to drive her car. The mere fact that he had once taken a car from a friend in a different state, under circumstances unknown to her, and well over a year prior to the accident at issue did not put her on notice that he would take her car on that day. Simply put, the fact that Plaintiff left her keys on her own kitchen table, in her own house, where her adult son also resided, fails to legally establish that she "entrusted" her automobile to him.

Second, even if Moving Defendant knew of her son's purported "propensity" to steal cars and, thus, impliedly "entrusted" the car to him by leaving the keys on her kitchen table, a cause of action for negligent entrustment demands a showing that the owner knew or should have known that the entrustee is likely to use the thing in such a manner as to create an unreasonable risk of harm to others. The Pennsylvania Court of Common Pleas confronted this issue in <u>Hornberger v. Hommel</u>, wherein the defendant's son injured plaintiff in an automobile accident after defendant gave her son permission to drive her car. 6 Pa. D. & C.4th 376, 376-77 (1990). The court rejected the theory that a generalized knowledge of inexperience or previous erratic driving is sufficient to impute to the parent owner of the vehicle a responsibility to deny permission to use the vehicle to his minor child. <u>Id.</u> at 378-79.

Similarly, in <u>Horanic v. Johnson</u>, a seventeen-year old girl, while driving her parents' car allegedly under the influence of alcohol, was involved in a collision with the plaintiff's car. 10 Pa. D. & C.4th 233, 234 (1991). Plaintiff, however, failed to allege or prove that the defendant parents

either knew or had reason to know of their daughter's use of alcohol or operation of their motor vehicle under the influence of alcohol. Id. at 235. Rejecting any theory of negligent entrustment, the court noted that "[m]ere knowledge by the parent of the child's mischievous and reckless disposition is not enough to make them liable for the torts of the child," particularly where there was no showing that the parents had no actual knowledge of their daughter's alcohol use Id. at 237 (quoting Olszanowski v. Chase, 40 Pa. D. & C.3d 258 (1985)); see also Hosler v. Reich, 19 Pa. D. & C.4th 46, 48-49 (1992) (A parent may not be held liable for a child's negligence, which resulted in a motor vehicle accident, based on a theory of negligent entrustment where the parent did not have direct knowledge of the child's poor driving history.).

In this case, although Moving Defendant knew of her adult son's past problems with drugs and alcohol, nothing in the record establishes that his use was ongoing or occurring on the day of the accident. Nor is there any evidence of prior reckless driving or accidents involving Christopher Hunger. As the law requires actual knowledge, and not simply presumed knowledge, Plaintiff cannot maintain a negligence claim against Moving Defendant.[3]

---

[3] Although Plaintiff does not make any such contention in his brief, the Court recognizes Plaintiff's potential claim that Moving Defendant's awareness of Christopher's lack of a driver's license could constitute actual knowledge of his incompetence. The Pennsylvania legislature has enacted a statute specifically prohibiting an automobile owner from "authorizing or permitting an automobile owned by him or under his control to be operated by any person without a valid driver's license." 75 PA. CONS. STAT. § 1574. In order to violate the statute, "it must be shown that the owner knew or had reason to know that the individual to whom he or she authorized to operate his or her vehicle did not have a valid driver's license." Ferry, 709 A.2d at 403 (Pa. Super. 1998). Pennsylvania courts, however, have found that violation of that statute only makes the automobile owner vicariously liable for the injuries caused by the driver of the vehicle and does not impose on the owner individual negligence under a negligent entrustment theory. Terwilliger v. Kitchen, 781 A.2d 1201, 1208 (Pa. Super. 2001). "[E]ntrusting a motor vehicle to an unlicensed driver is not in and of itself negligent." Maxwell v. Enter. Leasing, Co., 4 Pa. D. & C.4th 497, 504 n.4 (1989) (citing Chamberlain v. Riddle, 38 A.2d 521 (Pa. Super.1944)), aff'd, 571 A.2d 509 (Pa. Super. 1989). "Additional circumstances indicating that the driver is

11

Finally, a claim of either plain negligence or negligent entrustment requires that the plaintiff "establish a causal connection between [the] defendant's conduct and the plaintiff's injury." <u>Midgette v. Wal-mart Stores, Inc.</u>, 317 F. Supp. 2d 550, 563 (E.D. Pa. 2004) (quoting <u>Hamil v. Bashline</u>, 392 A.2d 1280, 1284 (Pa. 1978)), <u>aff'd</u>, 121 Fed Appx. 980 (3d Cir. 2005). On this issue, the Court finds guidance from several Pennsylvania state court decisions. First, in <u>Liney v. Chestnut Motors, Inc.</u>, 218 A.2d 336 (Pa. 1966), the employees of defendant, operator of a repair shop, left a customer's car outside the garage, double-parked, with keys in the ignition. <u>Id.</u> at 337. Three hours later, the car was stolen and driven in a reckless manner by the thief, who seriously injured a pedestrian on a sidewalk. <u>Id.</u> The garage was located in an area of Philadelphia where there had been a significant number of automobile thefts in the immediately preceding months. <u>Id.</u> The Pennsylvania Supreme Court rejected a claim of negligent entrustment against the defendant, holding that even assuming defendant's employees were negligent in leaving the car outside and even assuming the defendant should have foreseen the likelihood of the theft of the automobile, "nothing existed in the present case to put [defendant] on notice that the thief would be an incompetent or careless driver" <u>Id.</u> at 338. "Under the circumstances, the thief's careless operation of the automobile was a superseding cause of the injury suffered, and defendant's negligence, if such existed, only a remote cause thereof upon which no action would lie." <u>Id.</u>

Likewise, in <u>Henneman v. McBride</u>, 34 Pa. D. & C.3d 458 (1984), the owner of a high

---

incompetent to drive are necessary in order to submit the [negligent entrustment] issue to the jury." <u>Id.</u>

Aside from the fact that Plaintiff does not cite section 1574, or even hint at its violation by Moving Defendant, the Court finds it unnecessary to engage in a more detailed analysis of this issue. As indicated above, even if Plaintiff could show that actual knowledge existed in this case, he fails to prove either entrustment or causation.

performance automobile parked his car in an alley and left it unattended, unlocked, and with the keys in the ignition and motor running. Id. at 459. Returning approximately five minutes later, he discovered that his car had been stolen. Id. A mere fifteen minutes thereafter, the thief of the automobile was involved in an accident with the plaintiffs. Id. Plaintiffs alleged both that defendant had carelessly and recklessly left his keys in the car and that defendant committed negligence *per se* by violating the provisions of 75 Pa.C.S. § 3701, referring to unattended motor vehicles. Id. at 460. Indicating that it was bound by the Pennsylvania Supreme Court's decision in Liney, the court held that although there may have been negligence by the owner, the remoteness of the causal connection between the defendant's negligence and the plaintiff's injuries, as a matter of law, precluded recovery. Id. at 463-64. It explained that, "[t]he remoteness issue is not related to the source of the defendant's negligence; therefore, it is immaterial whether that negligence derives from the violation of a statute or the absence of ordinary care which a reasonably prudent person would exercise in these circumstances." Id. at 464.

Although the above cases differ factually in several respects with the matter currently before the Court, they are sufficiently analogous to direct a finding in favor of Moving Defendant. Even assuming that Moving Defendant owed a duty to Plaintiff and was negligent in leaving her keys on her kitchen table in plain access of her adult son, no causal connection exists between that alleged negligence and the accident with the Plaintiff. Under the circumstances, Christopher Hunger's theft of the car and subsequent careless operation of the car was a superseding cause of Plaintiff's injuries. Any purported negligence by Moving Defendant was nothing more than a remote cause on which neither a Court nor a jury could impose negligence liability.

13

## IV. CONCLUSION

In short, the undisputed facts and reasonable inferences in this case would not allow any jury to legally find Moving Defendant negligent toward Plaintiff. Moving Defendant did not negligently entrust her car to her son, Christopher Hunger, or have actual knowledge of his incompetence. Moreover, Christopher's actions were a superseding cause of injury preventing any finding of causation between Moving Defendant's actions and Plaintiff's injuries. Accordingly, the Court grants summary judgment in favor of Moving Defendant and against Plaintiff.